WATKINS *v.* DUKE.

4-3941

Opinion delivered May 13, 1935.

*Minor Pipkin*, for appellant.

*Mark P. Olney* and *Rose, Hemingway, Cantrell & Loughborough*, for appellees.

JOHNSON, C. J. Appellant is a citizen, resident and taxpayer of the city of Mena, a municipal corporation, and as such brought this suit in equity to enjoin and restrain the city officials of said city from levying an alleged unlawful and unauthorized tax. The complaint alleged that, unless appellees were restrained and enjoined, they would unlawfully levy and collect a tax of two mills on the dollar of all taxable property in said city for each of the years 1935 and 1937, inclusive; 2.5 mills for 1938 and 1939, inclusive, and 3.3 mills for each of the years 1940 to 1961, inclusive, for the purpose of paying a contemplated bonded indebtedness of said city incurred for the construction of a city hospital. It was further alleged that in December, 1934, at an election held for that purpose, a majority of the qualified electors of the city of Mena voted in favor of such bond issue in the sum of $35,000. Appellant further alleged that prior to the last mentioned election and by authority of Amendment No. 13, the city of Mena pursuant to an election theretofore held in April, 1930, issued bonds in the sum of $43,000 for the purpose of constructing, reconstructing and extending its waterworks system, and to retire said bond issue and accrued interest thereon the city council levied a tax of 4.4 mills on the dollar on all taxable property in said city for the years 1935 to 1945, inclusive.

The chancellor sustained a demurrer to the complaint thus filed and dismissed the complaint, and this appeal seeks review thereof. But one question is presented for determination, namely; Under Amendment No. 13 to the Constitution of 1874, can a municipal corporation levy a tax on the taxable property of said city for the purpose of erecting a city hospital, which, when added to a prior levy for a waterworks system will exceed in the aggregate five mills on the dollar? The pertinent section of Amendment No. 13 provides:

"In order to provide for the payment of the bonds issued under the provisions of this amendment, and interest thereon, a special tax, not to exceed five mills on the dollar in addition to the legal rate permitted, may be levied by municipalities on the real and personal taxable property therein. And any municipality issuing any bonds shall, before or at the time of doing so, levy a direct tax payable annually not exceeding the amount limited as above, sufficient to pay the interest on such bonds as the same matures, and also sufficient to pay and discharge the principal of all such bonds at their respective maturities; provided, that the above limitations of the rate of taxation shall not apply to bonds issued by any municipality for the purpose of acquiring, purchasing, extending, improving, enlarging, building or construction of waterworks and light plants, but the levy of the special tax of five mills authorized by this amendment having been exhausted, or the balance unlevied being insufficient to pay interest on and retire the proposed bonds, said municipality for the purpose of paying the principal and interest on such waterworks and light plant bonds, may, as far as required, levy and collect a special tax in addition to the rate allowed by this amendment of not to exceed five mills on the dollar."

The first sentence of the section just quoted, if it stood alone, would be decisive that no city in this State has the power or authority to levy any special tax thereunder for the purposes stated therein in excess of five mills on the dollar for any one year; but the language which immediately follows renders it somewhat uncertain. Under such circumstances it becomes our duty to resort

to well known canons of construction. The primary intent of the framers of the amendment should be ascertained (*Lybrand* v. *Wofford,* 174 Ark. 298, 296 S. W. 729) and in case of ambiguity such interpretation should be adopted as to avoid inconvenience and absurdity. *Hodge* v. *Dowdy,* 104 Ark. 583, 149 S. W. 656.

It is certain from the language employed by the framers of Amendment No. 13 that their primary object and intention was to limit indebtedness of cities in this State to five mills on the dollar of taxable values for any one year except for two purposes, which was deemed to be indispensable, namely; waterworks systems and light plants which were considered and deemed to be the only indispensable necessities for which expenditures might be contracted in excess of five mills on the dollar.

It is conceded that the proposed bond issue is not for the purpose of extending or improving the waterworks system or the light plant of the city of Mena, but it is urged that the language of the amendment should be so construed as to admit of some doctrine of subrogation. More specifically, it is asserted that, since the city constructed the waterworks system first and levied a tax of 4.4 mills on the dollar for the purpose of retiring said indebtedness, it should now be permitted to disregard this levy, and levy five mills on the dollar if necessary for hospital purposes. We are unwilling to adopt this construction of Amendment No. 13. We construe it to mean that when a city levies a tax of five mills on the dollar for any or all purposes, it thereby exhausts its power of effecting levies under said amendment. save and except the two purposes, namely; constructing, reconstructing or repairing its waterworks system and light plant. Such is the mandate of the amendment, and such must have been the intention of its framers.

True it is that a city hospital is a laudable purpose and one which commends itself very favorably, but this should not be seriously considered in construing the language of this amendment. If the framers of the amendment had desired to authorize an excess levy in behalf of city hospitals, they could have easily so stipulated, but they did not do so. The use of waterworks and light

plants in the exception excluded city hospitals by well-known canons of constitutional interpretation, and we are unwilling to read them into the exception. *State* v. *Ashley,* 1 Ark. 513.

A number of cases from other jurisdictions have been cited and urged upon us in excellent briefs filed by the respective parties, but, since no constitutional provision cited has the exact language of Amendment No. 13, such cases lend but little assistance in reaching a correct conclusion, therefore we purposely refrain from discussing the cases cited.

Since the city of Mena has levied 4.4 mills on the dollar of all taxable property within said city for the purpose of constructing a waterworks system, it thereby exhausted its power to this extent, and since the levy here in question, when added to the prior levy, exceeds in each year five mills on the dollar of taxable values, it is unauthorized and void.

It follows from what we have said that the decree of the trial court must be reversed, and the cause remanded with directions to enter a decree permanently enjoining and restraining the officials of the city of Mena from effecting such levy.